## No. 3003.

### A. C. DENOUVION *v.* REBECCA A. McNIGHT—W. C. HARRISON, garnishee.

A rule was taken by plaintiff on the garnishee in this case to show cause why he should not pay a certain judgment against defendant, because he had in his possession, notwithstanding his negative answer which was alleged to be false, property, rights and money of defendant to pay said judgment, and the garnishee on the day named for the trial of the rule, excepted to it on the ground that, being a new suit against him, it could not be tried in vacation. The exception was overruled, and the garnishee filed an answer in which he prayed for a jury. The exception should have been maintained; the issues presented were such as should have been submitted, if desired, to a jury.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley* J. *Charvet & Duplantier,* for plaintiff and appellee. *Randolph, Singleton & Browne,* for garnishee and appellant.

HOWELL, J. The plaintiff, having obtained judgment for $8964 76⅔, with interest against the defendant individually and as tutrix, issued garnishment process and propounded the usual interrogatories to Wm. C. Harrison as garnishee, who answered each interrogatory in the negative, whereupon plaintiff took a rule on him to show cause, on a day named, why he should not be condemned to pay the amount of said judgment; first, because his answers are neither categorical nor true, but *false,* evasive and *fraudulent* and calculated to screen the property of defendant from the pursuit of plaintiff; and second, because at the date of the service on the garnishee, he was the agent of defendant individually and as tutrix, and had and has now under his control and in his possession property, rights, money, etc., of defendant sufficient to pay said judgment. On the day named the garnishee excepted to the trial of the rule on the grounds, that, being a new suit against him, it could not be tried in vacation. The exception was overruled and the garnishee filed an answer in which he prayed for a jury and he deposited the jury fee. The jury was refused, the trial proceeded and the rule was made absolute, condemning the garnishee to pay $7000, and he has appealed.

Under the ruling in the case of Hernandez v. James, 23 An. 483, the exception should have been maintained; the issues presented are such as should be submitted, if desired, to a jury.

It is therefore ordered that the judgment appealed from be reversed, and that this cause be remanded to be proceeded in according to law. Plaintiff and appellee to pay costs.